Larry W. Lee (State Bar No. 228175)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder, Esq. (State Bar No. 170131)
**Polaris Law Group LLP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Tel: (831) 531-4214
Fax: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY FOSTER, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCHINDLER ELEVATOR CORPORATION, a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 19-CV-05776-WHO<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>(1) **VIOLATION OF LABOR CODE § 226;**<br>(2) **VIOLATION OF LABOR CODE § 2698, *ET SEQ.***<br><br>**DEMAND OVER $25,000.00** |

1

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Jeffrey Foster ("Plaintiff") hereby submits this First Amended Class Action Complaint ("Complaint") against Defendant Schindler Elevator Corporation ("Defendant" or "Schindler Elevator"), and Does 1 through 50 (collectively, "Defendants") on behalf of himself and a class of all other similarly situated current and former employees of Defendants for penalties for violations of the California Labor Code, including without limitation, failure to provide employees with accurate itemized wage statements as follows:

## INTRODUCTION

1.      Plaintiff contends this action is not within the Court's jurisdiction because it only alleges claims grounded in the California Labor Code. Defendant removed this case from the California Superior Court on September 13, 2019, on the basis that Plaintiff's overtime claim was preempted by the Labor Relations Management Act ("LMRA"), and that the Court could exert supplemental jurisdiction over Plaintiff's remaining claims. Dkt. No. 1. Concurrently with this First Amended Complaint, Plaintiff moves to remand on the ground that the Court no longer has jurisdiction because Plaintiff no longer asserts his claim for overtime, which Defendant contended the LMRA preempted.

2.      This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code against individuals who worked for Defendants.

3.      Plaintiff is informed and believes, and based thereon alleges, that Defendants, jointly and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving accurate wage statements.

4.      Plaintiff is informed and believes, and based thereon alleges, that Defendants have engaged in, among other things a system of willful violations of the California Labor Code by creating and maintaining policies, practices, and customs that knowingly deny employees the above stated rights and benefits.

## JURISDICTION AND VENUE

5.      As set forth in Paragraph 1 above, Plaintiff contends that this Court does not have jurisdiction over this action because Plaintiff asserts claims premised solely on the California Labor Code, and which the LMRA does not preempt. Plaintiff moves to remand concurrently

1  with the filing of this First Amended Complaint.

2      6.    Plaintiff contends venue is proper in Alameda County because Plaintiff worked
3  for Defendants in San Leandro, California.

**PARTIES**

5      7.    Plaintiff Jeffrey Foster began working for Defendants as an hourly non-exempt
6  employee in or about August 2012.  Plaintiff was terminated on or about April 23, 2019.

7      8.    Plaintiff was and is the victim of the policies, practices, and customs of Defendant
8  complained of in this action in ways that have deprived him of the rights guaranteed by
9  California Labor Code section 226, and 2698 *et seq.*

10     9.    Plaintiff is informed and believes, and based thereon alleges, that Schindler
11 Elevator Corporation is a Delaware corporation, with operations throughout the United States,
12 including in the State of California.

13     10.    Plaintiff is informed and believes, and based thereon alleges, that at all times
14 herein mentioned Does 1 through 50, are and were corporations, business entities, individuals,
15 and partnerships, licensed to do business and actually doing business in the State of California.
16 As such, and based upon all the facts and circumstances incident to Defendants' business,
17 Defendants are subject to the California Labor Code.

18     11.    Plaintiff does not know the true names or capacities, whether individual, partner
19 or corporate, of the defendants sued herein as Does 1 through 50, inclusive, and for that reason,
20 said defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this
21 complaint when the true names and capacities are known. Plaintiff is informed and believes and
22 based thereon alleges that each of said fictitious defendants was responsible in some way for the
23 matters alleged herein and proximately caused Plaintiff and members of the general public and
24 class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

25     12.    At all times herein mentioned, each defendant participated in the doing of the acts
26 hereinafter alleged to have been done by the named Defendant; and furthermore, Defendants,
27 and each of them, were the agents, servants and employees of each of the other defendants, as
28 well as the agents of all Defendants, and at all times herein mentioned, were acting within the

1  course and scope of said agency and employment.

2      13.    Plaintiff is informed and believes, and based thereon alleges, that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

    14.    At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

    15.    At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged. At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CLASS ACTION ALLEGATIONS

    16.    **Definition:** The named individual Plaintiff seeks class certification, pursuant to California Code of Civil Procedure section 382. Plaintiff proposes the following Class:

    a.    b.    All current and former non-exempt employees of Defendants in the State of California who earned doubletime wages at any time between August 1, 2018, through the present (the "Wage Statement Class").

    17.    **Numerosity and Ascertainability:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identity of the members of the Class is readily ascertainable by review of Defendants' records, including payroll records. Plaintiff is informed and believes, and based thereon alleges, that Defendants: (a) failed to

**FIRST AMENDED CLASS ACTION COMPLAINT**

provide proper payroll records in violation of Labor Code section 226.

18. **Adequacy of Representation:** The named Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and the individual Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number of wage-and-hour class actions pending in California state and federal courts.

19. Defendants uniformly administered a corporate policy, practice of: (a) failing to provide proper payroll records in violation of Labor Code section 226.

20. Plaintiff is informed and believes, and based thereon alleges, that Defendants had a consistent and uniform policy, practice and procedure of willfully failing to comply with Labor Code section 226.

21. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning Defendants' policy and practice of: (a) failing to provide proper payroll records in violation of Labor Code section 226.

22. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class in that Plaintiff has suffered the harms alleged in this Complaint in a similar and typical manner as the Class Members. Plaintiff, as well as Class members, received inaccurate wage statements from Defendants. Specifically, whenever doubletime wages were paid, the pay rate shown on the wage statements consistently identified the pay rate as the regular or base hourly rate of pay, rather than a doubletime rate. Such inaccuracies caused actual injury to Plaintiff and putative class members, as it precluded Plaintiff and putative class members from accurately calculating their wages. Therefore, Plaintiff is a member of the Class and has suffered the alleged violations of California Labor Code section 226.

23. The California Labor Code upon which Plaintiff bases these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor

standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

24. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

25. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class members which would, as a practical matter, be dispositive of the interest of the other Class members not parties to the adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

26. Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for inaccurate wage statements, applicable penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code sections 226 and Code of Civil Procedure section 1021.5.

27. Proof of a common business practice or factual pattern, which the named Plaintiff

1  experienced and is representative of, will establish the right of each of the members of the
2  Plaintiff Class to recovery on the causes of action alleged herein.

3    28.    The Class is commonly entitled to a specific fund with respect to the
4  compensation illegally and unfairly retained by Defendants. The Class is commonly entitled to
5  restitution of those funds being improperly withheld by Defendants. This action is brought for
6  the benefit of the entire class and will result in the creation of a common fund.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 226

### (BY PLAINTIFF AND THE WAGE STATEMENT CLASS AGAINST DEFENDANTS)

10    29.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 28 as
11  though fully set forth herein.

12    30.    Defendants failed in their affirmative obligation to provide accurate itemized
13  wage statements. Defendants, as a matter of policy and practice, intentionally failed to provide
14  accurate records to Plaintiff and the Wage Statement Subclass, in violation of Labor Code
15  section 226.

16    31.    Plaintiff and the Wage Statement Subclass were paid hourly. As such, the wage
17  statements should have reflected the accurate hourly rates of pay, as well as other items set forth
18  in California Labor Code section 226. As a result of the intentional violations alleged herein, the
19  wage statements provided to Plaintiff and the Wage Statement Class failed to identify such
20  information, including without limitation, the proper rate of pay for doubletime hours worked.
21  Specifically, whenever Defendant paid doubletime wages, the pay rate shown on Plaintiff and
22  the Wage Statement Class's wage statements identified the pay rate as the regular or base hourly
23  rate of pay, rather than the doubletime rate. The issuance of inaccurate wage statements caused
24  actual injury to Plaintiff and Wage Statement Class Members as they were not able to accurately
25  calculate their wages.

26    32.    Such a pattern, practice and uniform administration of corporate policy as
27  described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Wage
28  Statement Class, in a civil action, for all damages or penalties pursuant to Labor Code section

226, including interest thereon, attorneys' fees, and costs of suit according to the mandate of California Labor Code section 226.

## SECOND CAUSE OF ACTION

### VIOLATIONS OF LABOR CODE § 2698, *ET SEQ.*

### (BY PLAINTIFF AND AGGRIEVED EMPLOYEES AGAINST DEFENDANTS)

33. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff brings this cause of action as a proxy for the State of California and in this capacity, seek penalties on behalf of all Aggrieved Employees from July 26, 2018, through the present, for Defendant's violations of Labor Code section 226(a) arising from Defendant's failure to provide proper payroll records in violation of Labor Code section 226, and as more specifically set forth above.

35. On or about July 26, 2019, Plaintiff sent written notice to the California Labor & Workforce Development Agency ("LWDA") of Defendants' violations of Labor Code sections 226(a), among others, pursuant to Labor Code section 2698, *et seq.*, the Private Attorney General Act ("PAGA").

36. As such, pursuant to Labor Code section 2699(a), Plaintiff seeks recovery of any and all applicable civil penalties for Defendants' violation of Labor Code section 226(a) for the time periods described above, on behalf of himself and other Aggrieved Employees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as described herein;
3. For an order appointing Counsel for Plaintiff as class counsel;
4. Upon the First Cause of Action, for damages and/or penalties pursuant to California Labor Code section 226, and for costs and attorneys' fees;

5. Upon the Second Cause of Action, for civil penalties according to proof pursuant to Labor Code section 2698, *et seq.*;

6. On all causes of action for attorneys' fees and costs as provided by California Labor Code sections 226 and 2698 *et seq.*, and Code of Civil Procedure section 1021.5; and

7. For such other and further relief the Court may deem just and proper.

DATED:  October 4, 2019                    DIVERSITY LAW GROUP, P.C.


                                           By:   /s/ Larry W. Lee
                                                 Larry W. Lee
                                                 Max W. Gavron
                                           Attorneys for Plaintiff and the Class

**FIRST AMENDED CLASS ACTION COMPLAINT**